**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR222** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NANCY MARTIN PEREZ and EDDIE GARCIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 60) issued by Magistrate Judge Thomas D. Thalken recommending that the motions to suppress (Filing Nos. 31, 42) filed by the Defendants, Nancy Martin Perez and Eddie Garcia, be denied. Garcia filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 61, 62) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a). He also refers to his original, post-hearing brief (Filing No. 58).

Perez and Garcia are charged in a one-count Indictment with possession with intent to distribute marijuana. (Filing No. 17.) They seek the suppression of evidence obtained as a result of the June 5, 2008, traffic stop, detention, and search of the truck and trailer driven by them. (Filing Nos. 31, 42.)

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation. (Filing No. 60.) Judge Thalken concluded: probable cause existed for the traffic stop; the initial post-stop questions took place during a consensual encounter between Officer Hanson and Garcia; the search of the trailer was consensual, the consent was voluntarily given, observations made during the consensual search provided probable

cause to expand the search to include removal of a non-factory wall inside the trailer; Garcia's statements were not fruit of an illegal stop or search; and Perez was read and voluntarily waived her *Miranda* rights before she gave any statements, and she made no statement until June 6, 2008. Judge Thalken therefore recommended that the motions to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the encounter**.** (Filing No. 60.) The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 51.) The Court also carefully viewed the evidence. (Filing No. 48.) Garcia objects to Judge Thalken's factual summary, and his objections are discussed below. As discussed below, based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings with one minor exception.

## FACTUAL BACKGROUND

Briefly, on June 5, 2008, Officer Hanson stopped Perez and Garcia because they had a toy bear and a dream-catcher, with feather approximately fourteen inches long, hanging in the windshield of the truck in which they were riding, and the objects potentially

obstructed the driver's view. (Exhibit 2.) The driver, Garcia, produced Arizona identification, and Perez gave California identification. Garcia knew only the first name of the owner of the trailer, and said that he and Perez were going to Des Moines to start a restaurant. Perez said they were going to somewhere in Illinois to stay for two months with friends, and they had only two duffel bags because they did not need more luggage. Garcia agreed that Hanson could take a "quick look" in the trailer. Data checks revealed that Garcia had a prior drug felony (which Garcia had disclosed to Officer Hanson), and Perez had a recent murder conviction. Officer Hanson returned the identifications to Garcia gave him a verbal warning. Garcia asked Officer Hanson about locating a pharmacy, the two shook hands, and Garcia began to walk away. Hanson asked Garcia if he could ask another question, and Garcia consented. Officer Hanson asked to search the truck and trailer, and Garcia readily agreed, denying that he had any contraband in the vehicle. Garcia was directed to wait off the road area, but was not handcuffed. Officer Hanson told Perez that they were free to go, but that Garcia had consented to a search. Perez also consented to the search without hesitation. She was directed to wait with Garcia, and was not handcuffed. Permission-to-search forms were not used.

Garcia brought Officer Hanson the keys to the trailer. Officer Hanson opened the trailer, knocked on walls, detected different sounds, and saw that one wall was bowed. Two other officers arrived as backup. Officers took measurements in the trailer, and found that the exterior wall was 18 inches longer than the interior wall. As Officer Hanson began to remove a nonfactory wall, he smelled marijuana. He removed the wall, found packages of marijuana, and then placed Garcia and Perez under arrest. Officer Hanson advised Garcia of his *Miranda* rights. Garcia spoke with Agent Auten and agreed to help officers

3

with a controlled delivery in Des Moines. Perez also agreed to help. Garcia, Perez, and the vehicle were transported to Des Moines. Des Moines agents decided on June 6, 2008, to abandon the controlled delivery. Over the phone, Agent Auten advised Perez of her *Miranda* rights and she waived them. Garcia, Perez, and the vehicle were returned to Omaha.

## ANALYSIS

Perez does not object to the Report and Recommendation.

Garcia objects to the following portions of Judge Thalken's findings of fact and conclusions of law:

1.  Page 3, ¶ 1 - the factual finding that while checking the VIN, Officer Hanson engaged Perez in conversation. Garcia objects, contending that the officer interrogated Perez;

2.  Page 3, ¶ 2 - the factual finding that Garcia and Hanson looked inside the trailer and discussed the contents from outside. Garcia states that Officer Hanson walked inside the trailer and discussed the contents from inside.

3.  § B - the conclusions that *United States v. Peralez,* 526 F.3d 1121 (8th Cir. 2008), is distinguishable from this case; that the length of the traffic stop was related to Officer Hanson's performance of routine tasks; and that *United States v. Esquivel,* 507 F.3d 1154, 1159 (8th Cir. 2007), may be cited for the proposition that an officer may ask questions unrelated to a traffic stop during a post-stop consensual encounter. Garcia argues that he was not told that he was free to leave or that the traffic stop was completed, and a reasonable person would not have known that the traffic stop had ended;

4

4. § C - the conclusion that Garcia voluntarily consented to the search of the truck and trailer. Garcia argues that Garcia acquiesced to a show of force in consenting tot he search; and

5. § D - Garcia contends that the Defendants' statements were products of "constitutional violations."

The objections are discussed below.

## Page 3, ¶ 1 - Nature of "Conversation" With Perez

This objection is said to be to a factual finding; however, the issue is a mixed question of law and fact. Garcia lacks standing to challenge matters relating to Officer Hanson's conversation with Perez. *See United States v. Walton,* 538 F.2d 1348, 1354 (8th Cir. 1976). The objection is denied.

## Page 3, ¶ 2 - Officer Hanson - Inside or Outside the Trailer?

Garcia objects to the following sentence: "Garcia and officer Hanson looked inside the trailer and discussed the contents from outside," arguing that Hanson walked inside the trailer and discussed the contents from inside the trailer. The objection is granted, as Exhibit 3 shows that Officer Hanson and Garcia went inside the trailer and discussed the contents while both inside and outside the trailer.

## § B, *United States v. Peralez* - Distinguishable?

Garcia objects that *United States v. Peralez,* 526 F.3d 1115, 1121 (8th Cir. 2008), is not distinguishable from this case. Having read *Peralez,* I disagree. In *Peralez,* the officer began his warning three minutes after the stop, yet the officer continued for several minutes interspersing questions relating to the stop with questions relating to suspected

drug trafficking. The government did not argue that the encounter was consensual or that reasonable suspicion existed[1] to expand the scope of the stop. *Id.* at 1117-1120.

In this case, however, Officer Hanson had reasonable suspicion to expand the scope of the stop. Garcia and Perez were from Arizona and California; Garcia had a prior felony drug conviction; Perez had a prior conviction for attempted murder; Garcia did not know the last name of the owner of the truck and trailer; they picked up the truck and trailer in Denver; Garcia and Perez had conflicting stories about where they were going and how long they would stay; they had only two duffle bags for a lengthy trip; and their story about opening a restaurant in a location that they had never visited was questionable. Moreover, Exhibit 3 shows the consensual nature of the encounter even after the warning ticket was given. After shaking hands, Garcia asked Officer Hanson where he could find a pharmacy and then agreed to answer more questions. Therefore, the facts of this case provided reasonable suspicion to extend the scope of the traffic stop, and the additional encounter was consensual. The objection is denied.

**Length of Traffic Stop**

Garcia argues that Judge Thalken erred in concluding that the length of the stop was directly related to Officer Hanson's performance of routine tasks.

This issue is related to the above discussion of *Peralez.* The Court also notes that it took the officer twenty-two minutes and more than one conversation to obtain the correct criminal histories. The entire stop lasted approximately 30 minutes. Therefore, the length of the stop relating to the traffic violation was not prolonged under the circumstances and

---

[1]The Eighth Circuit concluded that no circumstances existed requiring an extension of the traffic stop. *Peralez,* 526 F.3d at 1117.

was in fact directly related to the traffic matter, and then Officer Hanson quickly moved on to the search.  The objection is denied.

**Error in Relying on *United States v. Esquivel*?**

Garcia objects to Judge Thalken citing to *United States v. Esquivel*, 507 F.3d 1154, 1159 (8th Cir. 2007), "for the proposition that an officer may ask questions unrelated to the purpose of the traffic stop during a post-stop consensual encounter."  (Filing No. 61, at 2.) This portion of Garcia's objection is denied, as the *Esquivel* court stated:

> After returning the paperwork and advising Jaime that the traffic stop was complete, Trooper Roby asked Jaime if he would agree to answer additional questions. Jaime agreed. There is no indication in the record that this post-stop encounter was anything other than consensual. *See United States v. Salazar,* 454 F.3d 843, 847 (8th Cir.2006) (no indication that the post-stop encounter was a seizure rather than consensual); *United States v. Santos-Garcia,* 313 F.3d 1073, 1078 (8th Cir.2002) (during post-stop consensual encounter, officer may, without reasonable suspicion, ask further questions unrelated to the traffic stop).

*Esquivel,* 507 F.3d at 1159.

Garcia argues that, because he was not told that the stop was completed or that he could leave, a reasonable person could not conclude the encounter was consensual.  As stated earlier, Exhibit 3 clearly shows the consensual nature of the encounter as well as an end to the traffic stop:  Garcia received his warning, Officer Hanson and Garcia shook hands, Garcia asked where he might find a pharmacy, and Officer Hanson then asked if he might ask some additional questions.  Therefore, this portion of the objection is also denied.

**§ C - Whether Garcia Voluntarily Consented to Search**

Garcia argues that he did not voluntarily consent to the search of the truck/trailer; rather, he argues that he acquiesced to aggressive police authority. In the original post-hearing brief, Garcia generally relied on *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973), in which the Supreme Court cautioned courts to be mindful of "stealthy encroachments" on a defendant's constitutional rights. (Filing No. 58, at 5-8.)

Exhibit 3 clearly shows the consensual nature of the encounter, including the events leading up to and during Officer Hanson's request to search. Garcia appeared relaxed and did not hesitate to give permission for the search. Exhibit 3 corroborates Officer Hanson's testimony in this respect. The objection is denied.

**§ D - Whether Defendants' Statements Were Fruit of Constitutional Violations**

Garcia lacks standing to raise issues regarding Perez's statements. *Walton,* 538 F.2d at 1354.

Regarding Garcia's statements, because the Court has not found constitutional violations with respect to the stop, detention, or search, this issue need not be addressed.

The objections are denied.

**CONCLUSION**

For the reasons discussed, the Report and Recommendation is adopted with the exception of one factual finding, and the Defendant's objections are overruled. The motions to suppress are denied.

IT IS ORDERED:

1.    The Magistrate Judge's Report and Recommendation (Filing No. 60) is amended insofar as the factual finding "Garcia and officer Hanson looked inside the trailer and discussed the contents from outside," should reflect that Hanson and Garcia walked inside the trailer and discussed the contents from inside as well as outside the trailer. Otherwise, the Report and Recommendation is adopted;

2.    The Objections to the Report and Recommendation filed by the Defendant, Eddie Garcia, (Filing No. 61) are granted as stated in ¶ 1 of this order and otherwise are overruled;

3.    The Motion to Suppress filed by the Defendant, Eddie Garcia, (Filing No. 42) is denied; and

4.    The motion to suppress filed by the Defendant, Nancy Martin Perez, (Filing No. 31) is denied.

DATED this 15th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge